STEPHEN L. BRISCHETTO, WSBA #32472
slb@brischettolaw.com
**Law Office of Stephen L. Brischetto**
621 SW Morrison St Ste 1025
Portland OR 97205
Telephone: 503 223-5814

Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELE FOX,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL FORT, in his individual and representative capacity; and CITY OF BATTLEGROUND, a municipal corporation,<br><br>    Defendants. | CASE NO. 3:21-CV-05037<br><br>**COMPLAINT**<br><br>**Jury Trial Demand** |

## I. JURISDICTION AND VENUE

1. This is an action for damages under 42 U.S.C. **§** 1983 and Title VII of the Civil Rights Act of 1964. This court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, 28 USC § 1343(3) and (4) and 42 USC § 2000e-5(f)(3).

2. This court has supplemental jurisdiction of Plaintiff's state law claims under 28 USC § 1367. Both federal and state law claims alleged herein arose from a common nucleus of operative facts, and the state claims are so related to the federal claims that they form part of the same case or controversy such that the actions would ordinarily be expected to be tried in one

judicial proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that the claims and events giving rise to this action alleged herein occurred in Battleground, Washington in the County of Clark.

## II. PARTIES

4. Plaintiff, Officer Michele Fox, is a citizen of the United States and a female resident of the State of Washington. Officer Fox is a police officer for Defendant City of Battleground.

5. Defendant City of Battleground is a duly organized public corporation that operates the Battleground Police Department in Battleground, Washington. Defendant City of Battleground is a "person" for purposes of 42 U.S.C. § 1983 and is Plaintiff's employer for purposes of 42 USC § 2000e, RCW 49.60.178(2)-(3) and RCW 49.60-040(11).

6. From on or about March 2018 through February 13, 2020, Michael Fort was the Lieutenant of the Battleground Police Department. During some or all of that time, he had roles as the Acting Chief of Police for the department including the ability to make or influence Sergeant promotional decisions. From February 14, 2020 to present, Defendant Fort was and is the sworn Chief of Police of the Battleground Police Department. Defendant Fort is named in his individual capacity for purposes of Plaintiff's claims for damages and representative capacity for her claims for injunctive relief, and is a "person" for purposes of 42 U.S.C. § 1983.

## III. FACTUAL ALLEGATIONS

7. Plaintiff has been employed as a police officer for the City of Battleground from on or about October 2008 through the present.

8. Defendant City of Battleground has promulgated civil services rules that govern promotion within the Battleground Police Department including promotion to supervisory positions such as the position of Sergeant. These rules are implemented by the Battleground Civil Service Commission as required by RCW 41.12.030-040. These rules require the Commission to hold competitive tests for police officer promotions and to certify those test

LAW OFFICE OF STEPHEN L. BRISCHETTO
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 223-5814

results as provided by law when there is a vacant position to be filled. The purpose for the tests is to determine the relative qualifications of police officers who seek employment in any class or position. Further, as per RCW 41.12.040, when a vacant position is to be filled, the Commission must certify to the appointing authority, on written request, the name of the person highest on the eligible list for the position.

9. On or about November 2017, Plaintiff learned that a male officer had stated that he was not going to bid on a shift because working the shift would require him to work with female officers. Plaintiff found this statements and conduct sexist and discriminatory and confronted the officer to oppose his discriminatory statements and conduct. The officer's feelings were hurt by his interaction with Plaintiff and the officer complained about Plaintiff opposing his discriminatory and sexist statements up the chain of command.

10. In response to the concerns raised by the officer in Paragraph 9, above, on or about December 2017, Defendant City of Battleground's Lieutenant Butler provided Plaintiff with a copy of the department's discrimination or harassment policy and asked her to read it in his presence. Lieutenant Butler informed Plaintiff that she could be subject to an internal affairs investigation or discipline for her statements to the male officer concerning his sexist, discriminatory comments. Lt. Butler's statements and actions were designed to deter Plaintiff from opposing sexist, discriminatory comments in the workplace.

11. In early 2018, Plaintiff took the civil service test for promotion to Sergeant and was ranked number one on the eligibility list. The eligibility list was scheduled to expire in 18 months, on or about December 5, 2019.

12. At all material times, the practice of Defendant City of Battleground was to promote from the top of the civil service eligibility list. Indeed, up until 2018 when Plaintiff was the top ranked person on the eligibility list, and for the entirety of Chief Richardson's tenure, the police department had promoted the person to Sergeant who was at the top of the civil service test list.

13. The only time, prior to Plaintiff being passed up for promotion, where the highest ranked person was not promoted to Sergeant was in 2005, well before Chief Richardson or Defendant Fort's tenure with the City of Battleground. There, the decision was made to pass up an employee, Monty Elford, from promotion who had previously engaged in litigation against the Department and accused the Department of unlawful practices.

14. At all material times, Defendant Fort or Chief Richardson were decisionmakers for all Sergeant promotional decisions.

15. On or about July 16, 2018, a Sergeant position came open. Plaintiff was on top of the civil service eligibility list and the only woman on the list at the time. Instead of promoting Plaintiff, Defendants deviated from their own standard promotional practices and promoted a male, Josh Runnels, to Sergeant. Runnels was ranked lower than Plaintiff on the list and was less qualified for the promotion.

16. After the decision to promote Officer Runnels over Plaintiff in July 2018 was announced, Plaintiff spoke with Defendant Fort to inquire as to why she was passed over for promotion. Defendant Fort told her there were no issues with her performance and that she had excellent relationships within the Department. Referring to the facts set forth in paragraphs 9-10 where Plaintiff opposed discriminatory and sexist conduct, Defendant Fort told her there was, however, an issue with a co-worker that caused him to decide to pass her over for promotion.

17. Plaintiff asked Defendant Fort if there were any weaknesses she should work on to improve, and he did not provide any.

18. On September or October 2019, Defendants told Plaintiff and others on the list that instead of letting the Sergeant list expire on December 5, 2019 and re-testing they would be extending the time period in which the list was valid. At this time, it was anticipated that there would likely be at least two Sergeant openings in the coming months.

19. On or about October 2019, Defendants held Sergeant training. The training was open to all male officers on the Sergeant promotion list and all male officers on the Sergeant promotion list attended the training. Plaintiff, however, was excluded from the 2019 training.

LAW OFFICE OF STEPHEN L. BRISCHETTO
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 223-5814

Defendants even went out of their way to ensure male officers on the promotion list received the training by switching Plaintiff's schedule from a day shift to a swing shift to allow an Officer who was fourth on the civil service eligibility list to attend the training. Plaintiff was not informed of the training even though she was on top of the Sergeant promotion list. Plaintiff did not even know the training had been offered until after it occurred.

20. Soon after the training, on or about November 18, 2019, a Sergeant position came open. Plaintiff was the top of the civil service list and the only woman on the list. Instead of promoting Plaintiff, Defendant promoted a male, Rick Kelly, to Sergeant. Kelly was ranked lower than Plaintiff on the list and less qualified for promotion.

21. On or about November 2019, Sergeant Tim Wilson informed Defendant Fort of his intent to retire in the coming weeks and months, resulting in another Sergeant opening.

22. On December 4, 2019, Plaintiff provided a notice of tort claim to the City of Battleground that expressed her intent to file a sex discrimination claim against the City and again constituted opposition to sex discrimination.

23. On or about December 5, 2019, the date the list was set to expire, Defendant Fort informed Plaintiff that he had changed his mind about extending the Sergeant eligibility list and that he was going to let the list expire, effective December 5, even though Defendants knew there would be another Sergeant opening due in the coming weeks. Defendants let the list expire to avoid promoting Plaintiff to Sergeant upon Sergeant Wilson's retirement.

24. After Defendant Fort caused the promotion list to expire, Defendant Fort took steps to affirmatively recruit male officers—including officers who were not previously interested in the position—to take the new Sergeant test to fill the vacancy left by Wilson's retirement and to help ensure that he could promote someone other than Plaintiff to Sergeant. He did not take any steps to encourage Plaintiff to take the take. Plaintiff knew of Fort's efforts to recruit male officers, including officers not previously interested in the position, to take the Sergeant's test. Because, at this point, it was clear to Plaintiff that Defendant Fort had no intent of ever promoting her to Sergeant and future promotional efforts would be futile, Plaintiff did not

re-test to be on the eligibility list in 2020. In early 2020, Defendants promoted one of the male officers recruited by Defendant Fort to Sergeant. The Sergeant promoted was ranked at the top of the new eligibility list.

25. Defendants' actions were intentional or in deliberate disregard of Plaintiff's Fourteenth Amendment rights, were under color of state law and deprived Plaintiff of her Constitutional, federal and state law rights to be free from sex discrimination, harassment and retaliation.

26. As a direct and proximate result of Defendants' violations of the United States Constitution and state and federal laws, Plaintiff has suffered lost wages, benefits and employment opportunities, increased tax liability, pre-judgment interest on said losses, emotional distress, mental anguish, injury to her personal and professional reputation, loss of self-esteem and dignity. Plaintiff is entitled to actual damages, including economic and non-economic damages, in an amount to be proved at trial.

27. Plaintiff is entitled to reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988 and RCW 49.60.030(2).

28. Defendants' conduct was carried out with wanton or reckless disregard for Plaintiff's civil rights. Punitive damages should be assessed against Defendant Fort to deter him from such conduct in the future.

29. Plaintiff has filed claims with the EEOC relating to the same acts alleged above and has filed this amended Complaint within 90 days of receiving a Right to Sue Letter from EEOC. Plaintiff exhausted her administrative remedies for her claims under Title VII.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICE OF STEPHEN L. BRISCHETTO
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 223-5814

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983: Equal Protection)
### (Against all Defendants)

30. Plaintiff realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant Fort deprived Plaintiff of her Fourteenth Amendment right to be free of sex discrimination by depriving Plaintiff of promotions in 2018, 2019, and 2020; by causing the eligibility list to expire on December 5, 2019; by deterring Plaintiff from taking the Sergeant test in 2020 depriving her of future promotions; and by depriving of Sergeant training opportunities. These actions were taken because of Plaintiff's sex and because she opposed sex discrimination. Had Plaintiff not been a woman or had she not opposed sex discrimination, she would not have been discriminated and retaliated against in this manner.

32. Defendant City of Battleground is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the deprivation of Plaintiff's Fourteenth Amendment rights was pursuant to a City of Battleground custom, policy or practice of sex discrimination against women, retaliation against women who oppose sex discrimination and retaliation against those who state an intent to initiate litigation against the department or do initiate litigation against the department.

33. At all material times, Defendant Fort and Chief Richardson had final policy making authority for the Battleground police department and engaged in the acts alleged herein while acting as a final policymaker for City of Battleground. Thus, the Defendant City of Battleground is liable for the deprivation of Plaintiff's Fourteenth Amendment Rights because the unlawful decisions were made or approved by persons in policymaking positions for Defendant City of Battleground.

34. Defendant City of Battleground is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because persons in policy-making positions ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

LAW OFFICE OF STEPHEN L. BRISCHETTO
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 223-5814

## SECOND CLAIM FOR RELIEF
### (RCW 49.60.180 – Sex Discrimination)
### (Against Defendant City of Battleground)

35. Plaintiff realleges paragraph 1 through 29 as though fully set forth herein.

36. Defendant discriminated against Plaintiff because of her sex by depriving Plaintiff of promotions in 2018, 2019, and 2020; by causing the eligibility list to expire on December 5, 2019; by deterring Plaintiff from taking the Sergeant test in 2020 depriving her of future promotions; and by depriving of Sergeant training opportunities. These actions were taken because of Plaintiff's sex.

## THIRD CLAIM FOR RELIEF
### (42 USC § 2000e-2(a) – Sex Discrimination)
### (Against Defendant City of Battleground)

37. Plaintiff realleges paragraph 1 through 29 as though fully set forth herein.

38. Defendant discriminated against Plaintiff because of her sex by depriving Plaintiff of promotions in 2018, 2019, and 2020; by causing the eligibility list to expire on December 5, 2019; by deterring Plaintiff from taking the Sergeant test in 2020 depriving her of future promotions; and by depriving of Sergeant training opportunities. These actions were taken because of Plaintiff's sex.

## FOURTH CLAIM FOR RELIEF
### (RCW 49.60.210 – Retaliation)
### (Against Defendant City of Battleground)

39. Plaintiff realleges paragraph 1 through 29 as though fully set forth herein.

40. Defendant retaliated against Plaintiff for opposing sex discrimination, a practice forbidden under RCW 49.60.180, by depriving Plaintiff of promotions in 2018, 2019, and 2020; by causing the eligibility list to expire on December 5, 2019; by deterring Plaintiff from taking the Sergeant test in 2020 depriving her of future promotions; by depriving of Sergeant training opportunities; and by inferring that Plaintiff would be subjected to IA investigations or discipline for opposing sex discrimination in the workplace in 2017.

LAW OFFICE OF STEPHEN L. BRISCHETTO
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 223-5814

# FIFTH CLAIM FOR RELIEF
## (42 USC § 2000e-3(a) – Retaliation)
## (Against Defendant City of Battleground)

41. Plaintiff realleges paragraph 1 through 29 as though fully set forth herein.

42. Defendant retaliated against Plaintiff for opposing sex discrimination, a practice forbidden under Title VII of the Civil Rights Act of 1964 by depriving Plaintiff of promotions in 2018, 2019, and 2020; by causing the eligibility list to expire on December 5, 2019; by deterring Plaintiff from taking the Sergeant test in 2020 depriving her of future promotions; by depriving of Sergeant training opportunities; and by inferring that Plaintiff would be subjected to IA investigations or discipline for opposing sex discrimination in the workplace in 2017.

**WHEREFORE**, Plaintiff requests a trial by jury and entry of judgment in favor of Plaintiff and against all Defendants for the following relief:

1. On all Plaintiff's Claims for relief, an award of economic damages including lost wages, lost fringe benefits, increased tax liability and pre-judgment interest in an amount to be determined at trial;

2. On all Plaintiff's Claims for relief, an award of damages for mental and emotional distress, damage to reputation, and other compensatory damages in an amount to be determined at trial;

3. On all Plaintiff's Claims for relief, injunctive relief requiring Defendant City of Battleground to place Plaintiff in the same position that she would have been with regard to seniority, compensation, benefits, probationary status and other rights but for Defendants discriminatory and retaliatory actions and omissions;

4. On all Plaintiff's Claims for relief, an award of attorney fees, costs and disbursements;

LAW OFFICE OF STEPHEN L. BRISCHETTO
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 223-5814

5. On all Plaintiff's Claims for relief against the individual Defendant, punitive damages in an amount to be proved at trial;

6. On all Plaintiff's Claims for relief, a Declaration that all Defendants violated Plaintiff's constitutional rights to equal protection and state rights to be free from sex discrimination and retaliation

7. Such further or alternative relief in favor of Plaintiff as the Court deems appropriate.

DATED this 13th day of January, 2021.

By /s Stephen L. Brischetto

**STEPHEN L. BRISCHETTO**
WSBA No. #32472
(503) 223-5814

Of Attorneys for Plaintiff

Plaintiff demands a trial by jury.

By /s Stephen L. Brischetto
**STEPHEN L. BRISCHETTO**
WSBA No. #32472
(503) 223-5814