UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELE FOX,

          Plaintiff,

    v.

MICHAEL FORT, *et al.*,

          Defendants.

Case No. C21-5037-DGE

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Michelle Fox and Defendants Michael Fort's and City of Battleground ("Defendants") proposed consent decree. Having considered the parties' proposed consent decree, and the governing law, the Court recommends that the parties' proposed consent decree be APPROVED as the final decree of this Court in full settlement of this action, as further explained below.

## II.    BACKGROUND

After the conclusion of a settlement conference with the Undersigned, the parties have reached an agreement to entry of the attached Consent Decree, which will include the following relevant terms:

REPORT AND RECOMMENDATION - 1

- The City will promote plaintiff to sergeant within 10 days of the date of the order with seniority retroactive to July 8, 2018;
- The City will pay to plaintiff $61,000 as backpay, subject to W2 reporting;
- The City or its insurer will pay to plaintiff and her attorneys $339,000 as compensatory damages, attorney's fees, and costs, subject to 1099 reporting.

The parties' agreements are conditioned on the following:

- No later than **May 20, 2022**, the consent decree will be posted at the Battle Ground Police Department. The parties will provide notice to the Battle Ground Police Officers Association ("BGPOA") of the terms of the Consent Decree;
- Police Chief Michael Fort will provide a copy of the consent decree to the officers on the current eligibility list;
- The City will require council approval of the settlement which will be sought on or before **May 31, 2022**. The City will notify the Court and plaintiff's counsel the following business day after council approval.

### III.   DISCUSSION

"Because of the unique aspects of settlements, a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). The Court must also consider "that there has been valid consent by the concerned parties." *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (quoting *Metro. Housing Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980)).

REPORT AND RECOMMENDATION - 2

"[W]hile an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986). Nonetheless, "a court may not enter a consent decree that imposes obligations on a party that did not consent to the decree." *Id.* "A court's approval of a consent decree between some of the parties therefore cannot dispose of the valid claims of nonconsenting intervenors; if properly raised, these claims remain and may be litigated by the intervenor." *Id.*

Here, the parties have submitted a proposed decree that is "fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club*, 909 F.2d at 1355. Furthermore, the Court finds that there has been valid consent by the concerned parties and that the consent decree does not impose obligations on a party that did not consent to the decree. Provided that Defendants obtain council approval, it is the Undersigned's recommendation that the Court enter the Consent Decree as agreed by the parties.

## IV.    CONCLUSION

The Court, having considered the foregoing Consent Decree submitted by the parties RECOMMENDS that the Consent Decree be approved as the final decree of this Court in full settlement of this action. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

REPORT AND RECOMMENDATION - 3

**fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 3, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable David G. Estudillo.

Dated this 17th day of May, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4